## SHEPPARD et v. PERRY COUNTY BD. OF COMM.

Ohio Appeals, 5th Dist., Perry Co.

No. 162. Decided Nov. 22, 1927.

Syllabus by Editorial Staff·

**1053. ROADS AND HIGHWAYS—323. County Commissioners.**

County Commissioners, ·by requesting State authorities to improve inter-county road, and bearing part of expense, do not, in any way, become liable for damages in construction or repair of same.

**396. DIRECTED VERDICTS.**

Court has right to direct verdict without formal motion therefor being filed.

Error to Common Pleas.
Judgment affirmed.

### STATEMENT OF FACTS.

This is a road case, in which plaintiff in error sued for damages done, or claimed to have been done, by change of grade and renewal of approaches in front of his property. The case was tried in the Common Pleas, and,

at the close of the evidence, the court instructed the jury to return a verdict for the defendants.

Plaintiff in error contends that, at the end of the testimony, the defendants did not interpose a motion to direct a verdict for the defendants nor renew their formal motion to direct said verdict for the defendants, and for this reason the court below committed error.

It is conceded, in this case, that the road that was being improved was not a county road, but was an inter-county highway.

Plaintiff claims, by way of justifying his position, that the County, through the County Commissioners, made application for State aid and paid for a part of the construction. This is admitted in the record.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEMERT, J.

Under 7212 GC. we think that it is the law in this State that if there was any damage done to plaintiff's property by reason of change of grade or destruction of approaches, that the party constructing the road would be liable for the damage and not the County Commissioners, who had nothing whatever to do with the construction of the road except that they merely appealed to the State for aid, asking them to construct this road, and agreeing to pay a part of the construction.

This record clearly shows that the road in question in this case is an inter-county highway. Therefore the County Commissioners of Perry County, under 6860 GC., had no right to change this road in any way whatever. We cite the 19 Ohio Appellate Reports, 192.

Referring to the 50th Ohio State, upon which plaintiff in this action seems to rely, we find in that case, at page 628, being the case of Smith v. County Commissioners, decided Dec. 5, 1893, this situation: The State Highway Department was not created until 1904, which makes provision for the construction of these Inter-County Highways by the State. So we can readily see that this decision is not in point in this case.

Plaintiff makes some complaint that the Court instructed the jury to return a verdict for the defendant without there being any formal motion filed. We think that the Court had a right to do this and render summary judgment. In support of this we cite the case of Phillips Company v. White Cliffs Product Co., decided by the Superior Court of Cincinnati, Dec. 10, 1924, found in the Ohio Law Abstract for June 10, 1925, at page 358, citing White v. Calhoun, 82 OS. 401.

Therefore, finding that this road which was under construction was a State Road; that the State of Ohio, acting through the State Highway Department, constructed this road, as the record evidence shows; that Section 7212 of the General Code makes it incumbent upon the one constructing the road to make provisions for approaches injured or destroyed, and that the State constructed this road; that, as provided in Section 6860, the County Commissioners has no power to repair or construct Inter-County and Main Market Roads; this being an Inter-County Road; that in no way do the County Commissioners become liable for any damages in the construction or repair of

a road by requesting the State authorities to improve the same. We believe further comment is unnecessary, and therefore the finding and judgment of the Court below will be affirmed.

(Shields, J., Lemert, J. and Houck, J., concur.)